DYK, Circuit Judge,
dissenting in part.
Although I join the court’s opinion insofar as it affirms the Court of Federal Claims’ construction of the ink permeation limitation and vacates and remands the damages ruling, I do not agree with the majority’s construction of the term “form set.” I respectfully dissent.
In pertinent part, claim 10 of the ’288 patent covers “[a] form set for use with an apparatus having an imprinting mechanism ... said form set comprising: at least one negotiable instrument sheet .... ” ’283 patent, col. 18, 11. 5-13. The majority concludes that “form set” in claim 10 is a “set of forms, i.e., more than one form” with at least one negotiable instrument sheet. Maj. Op. at 944, 946. The majority further concludes that while a “form set” is a set of forms, the form set itself may be “single-ply,” meaning that a single sheet containing multiple, perforated forms could make up a “form set.” Maj. Op. at 945. While I agree that a “form set” is a set of forms, I do not agree that a “form set” can be a singly-ply sheet.
Our cases recognize that the specification is the single best guide in construing patent terms, and that language in the specification describing the “present invention” should limit the claims to the invention described. For example, in SciMed Life Systems, Inc. v. Advanced Cardiovascular Systems, Inc. 242 F.3d 1337 (Fed.Cir.2001), the court held that “[t]he characterization of [a particular arrangement] as part of the ‘present invention’ is strong evidence that the claims should not be read to encompass the opposite structure.” Id. at 1343; see Liebel-Flarsheim Co. v. Medrad, Inc., 358 F.3d 898, 908 (Fed.Cir.2004). Similarly, in Watts v. XL Systems, Inc., 232 F.3d 877 (Fed.Cir.2000), the court construed a patent claim limitation stating that two pipes had to be “sealingly connected.” Id. at 879. The court determined that the claimed connection was limited to connections with “misaligned taper angles” because the specification stated that “[t]he present invention utilizes [the varying taper angle] feature.” Id. at 883 (brackets in original). The court therefore found that the specification “limit[ed] the invention to embodiments with misaligned taper angles.” Id. Significantly, these cases are cited with approval in Phillips v. AWH Corp., 415 F.3d 1303 (Fed.Cir.2005) (en banc).
Here, the specification makes clear that a “form set” includes more than one sheet. The first paragraph of the Summary of the Invention states that “[t]he present invention provides a form set for use with an imprinting apparatus for imprinting indicia with dye-based ink on negotiable instruments. The form set includes an upper negotiable instrument sheet ... a lower customer receipt sheet, and an intermediate voucher sheet....” ’283 Patent, col. 2, 11. 12-17 (emphasis added). Contrary to the majority, nothing in paragraph 3 of the Summary of the Invention supports a single sheet construction or undermines the significance of the first paragraph.[4] Para *951 graph 3 simply describes a ribbon-based mechanism for imprinting the form set described in the first paragraph. Thus in my view, the “present invention” language in the specification limits the term “form set” in claim 10 to a group of multi-ply sheets.

. Paragraph 3 of the Summary of the Invention states:
Further, in accordance with the present invention, there is provided a form set for use with an apparatus having an imprinting mechanism including a ribbon bearing dye-based ink for imprinting negotiable instruments with characters indicative of the dollar and cents amount for which the negotiable instrument is drawn.... The form set comprises at least one negotiable instrument sheet comprised of an absorbing type *951 paper sheet material for absorbing the dye-based ink, whereby when the form set is impacted by the imprinting mechanism of the apparatus, the dye-based ink permeates through the sheet from the printed front surface to the back surface to provide the indicia in mirror image form on the back, ’283 Patent, col. 2, II. 45-59.